> NONPRECEDENTIAL DISPOSITION
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 28, 2012
Decided August 28, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-1949

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-CR-127-WMC-01 |
| LAZARO MARTINEZ-MEDINA, *Defendant-Appellant.* | William M. Conley, *Chief Judge.* |

**O R D E R**

Lazaro Martinez-Medina, a Mexican citizen, was last removed to Mexico in 1998 after completing a sentence in Minnesota for assault. Twice before Martinez-Medina had been deported after serving time for additional crimes including aggravated assault, burglary, disorderly conduct, and driving under the influence. A month after the latest removal he was back in the United States and incurred 12 more convictions just for battery, assault, burglary, and disorderly conduct. Federal authorities were alerted in 2011 that he again was jailed in the United States, this time in Wisconsin for obstructing a police officer. He was taken into federal custody and pleaded guilty to being in the United States unlawfully after his removal, *see* 8 U.S.C. § 1326(a). The district court sentenced him within the guidelines imprisonment range to 84 months.

Martinez-Medina filed a notice of appeal, but his appointed lawyer believes the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Martinez-Medina hasn't responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Counsel advises that Martinez-Medina does not wish to challenge his guilty plea, and thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Knox,* 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel has not identified any ground on which to challenge the guidelines calculations, which Martinez-Medina accepted without objection in the district court. That leaves counsel with little else to discuss. Martinez-Medina's total offense level of 21 and Category VI criminal history (based on 28 criminal-history points) yielded an imprisonment range of 77 to 96 months. In selecting 84 months, the district court noted that Martinez-Medina had been deported three times and incurred an extensive criminal record "replete with crimes of violence, many while under supervision for past violence," that has "left a slew of victims in his path," including women, other prisoners, the homeless, and even a shelter worker. *See* 18 U.S.C. § 3553(a)(1). And, the court added, Martinez-Medina had used a number of aliases, had worked only for brief periods, and was contemplating joining the Zetas gang in Mexico after his release from federal prison. The judge reasonably concluded that these considerations outweighed Martinez-Medina's argument in mitigation that his age, 43, and the timing of his most-recent convictions (in 2008 for assaulting a former girlfriend and then another prisoner after his arrest) indicates that his criminal behavior had "slowed down*.*" (His lawyer at sentencing did not mention that Martinez-Medina still faced pending charges for bail jumping and retail thefts allegedly committed on three different occasions during the six months before he was charged in this case.) Counsel considered challenging the reasonableness of Martinez-Medina's prison term but has not identified any reason to disturb the presumption of reasonableness applicable to Martinez-Medina's within-guidelines sentence. *See Rita v. United States,* 551 U.S. 338, 350–51 (2007); *United States v. Moreno-Padilla*, 602 F.3d 802, 810 (7th Cir. 2010).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.